UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DICKEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLINE COLVIN,<br><br>    Defendant. | Case No. 14-cv-00629-WHO<br><br>**ORDER ON MOTION TO AMEND OR ALTER JUDGMENT AND MOTION FOR ATTORNEYS FEES**<br><br>Re: Dkt. Nos. 26, 27, 31 |

Caroline Colvin, the Commissioner of the Social Security Administration, asks that I alter or amend the judgment remanding this case to the Social Security Administration for payment of benefits to plaintiff because I committed clear error in remanding for payment of benefits, rather than for further proceedings. Having reviewed the record again, I disagree with the Commissioner's contention that it contains ambiguities and inconsistencies that need to be resolved, or that it raises serious questions whether the plaintiff is disabled. Docket No. 26. The Commissioner's motion under Federal Rule of Civil Procedure 59(e) is DENIED.

## I. MOTION TO ALTER OR AMEND THE JUDGMENT

A Rule 59(e) may be brought to alter or amend a judgment if: (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc*., 555 F.3d 772, 780 (9th Cir. 2009). In the Ninth Circuit, after a court determines an ALJ erred, a case may be remanded to the agency for payment of benefits only where: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the

1  claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If all three
2  factors are met, then a court can "credit-as-true" the improperly rejected testimony. *Id*. at *36-37.

3  As to the first factor, as the Ninth Circuit recently explained, in evaluating whether the
4  record has been fully developed, courts "consider whether the record as a whole is free from
5  conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the
6  claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler v. Comm'r*
7  *of SSA*, 2014 U.S. App. LEXIS 24463, *30 (9th Cir. Or. Dec. 24, 2014). "Where there is
8  conflicting evidence, and not all essential factual issues have been resolved, a remand for an award
9  of benefits is inappropriate." *Id*. at *23, 35 (remanding where the record contained significant
10  factual conflicts between plaintiff's testimony and objective medical evidence).

11  Even where the credit-as-true factors are met, the district court retains "flexibility" and
12  may remand for further proceedings "when the record as a whole creates serious doubt as to
13  whether the claimant is, in fact, disabled within the meaning of the Social Security Act."
14  *Garrison*, 759 F.3d at 1020; s*ee also Burrell v. Colvin*, 2014 U.S. App. LEXIS 24654, 20 (9th Cir.
15  Ariz. Dec. 31, 2014) (remanding where evidence in the record that the ALJ did not address or
16  consider suggested that claimant may not be credible).

17  In support of the argument that there are ambiguities and inconsistencies in the record that
18  need to be resolved, the Commissioner points to evidence that (she contends) suggests plaintiff's
19  emotional lability is not related to the removal of his brain tumor, but is instead related to his
20  general attitude and to family dynamics. Motion at 4-5; Reply [Docket No. 33] at 4-5. This
21  argument is not persuasive.

22  I note first that the evidence the Commissioner relies on now was largely not discussed in
23  the briefing on the cross-motions for summary judgment. More importantly, it does not create
24  ambiguities or inconsistencies in the record that necessitate a remand for further proceedings.
25  With respect to the cites in the record that plaintiff was "doing well," those generally relate to the
26  undisputed fact that there was no recurrence of plaintiff's tumor. AR 334-335, 624. They also
27  relate to plaintiff's general *physical* health (coordination and other physical capabilities) instead of
28  plaintiff's well-documented and ongoing history of emotional lability following the diagnosis and

United States District Court
Northern District of California

2

removal of his tumor. *See* AR 334, 335, 587; *but see* AR 366-369 (report from 2000 noting parental complaints of aggressive behavior, and reported complaints of difficulty concentrating, controlling impulses, and problems with attention which were possibly related to removal of tumor); AR 626 (2005 report noting plaintiff's felt he was in "good health" and that his primary complaint was his continuing mood lability which may be related to tumor removal). The citations the Commissioner relies on to blame plaintiff's emotional lability on family dynamics are also dated and do not shed light on family dynamics since 2000. *See, e.g.*, AR 365-366, 373 (noting family's discord in 1997/1998 and 2000); AR 388 (family dynamics in 1998); AR 394 (report from 1998).

Instead, the record reflects that plaintiff has continually had emotional lability issues since the tumor was discovered and removed. AR 365 (1997, 1999); AR 366-69 (2000); 626 (2005); *see also* 611 (2011 report citing medical literature finding significant long-term problems for attention, processing speed, interference and uncontrolled temper tantrums in patients who had undergone tumor removal similar to plaintiff). The Commissioner ignores this evidence. The portions of the record the Commissioner now relies on do not create ambiguities or inconsistencies, nor do they conflict with the conclusions of Dr. Murray and Schwartz regarding plaintiff's impairments that were improperly discredited by the ALJ.[1]

Reviewing the record as a whole, with particular focus on the citations the Commissioner relies on in her 59(e) motion, I find that the record does not create "serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020.[2]

---

[1] The arguments the Commissioner makes about Dr. Dunn's report from 2003 are addressed in my prior Order (Docket No. 24 at 12-14) and there is no reason to repeat them again here.

[2] The Commissioner argues that Dr. Murray's reports contain inconsistencies which cast doubt on plaintiff's disability; specifically Dr. Murray's finding that plaintiff's IQ dropped, plaintiff's statement that he suffered from rages he could not recall, and that plaintiff suffered from debilitating migraines. Motion at 6. With respect to migraines, the record is replete with evidence that plaintiff suffered intermittently from headaches, sometimes severe. With respect to rages, the record is likewise replete with references to plaintiff's uncontrollable rage/irritability. The fact that Dr. Murray may have been the first to note that plaintiff sometimes could not recall these episodes does not create any inconsistency. Finally, Dr. Murray's finding as to plaintiff's IQ, while not explained in detail, could be supported by uncontested evidence that plaintiff's grades decreased and he was no longer considered "gifted" after the tumor removal. In any event,

Finally, I reject the Commissioner's argument that in the summary judgment Order I committed legal error by impermissibly giving "controlling weight" to non-treating physicians. Motion at 3-4; Reply at 6. There is no dispute that in this case there is little evidence about plaintiff's asserted impairments from treating physicians. The evidence the ALJ primarily relied on to support her decision was from examining and non-examining physicians. In my prior Order, I found that the ALJ improperly discredited two of plaintiff's examining physicians (Schwartz and Murray) and improperly relied on the significantly older report from a different examining physician (Dunn). *See, e.g., Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) ("The opinion of an examining doctor, even if contradicted by the opinion of another doctor, can only be rejected for specific and legitimate reasons that are supported by the record.") (internal quotations and citation omitted).

Having concluded that the ALJ erred on multiple, significant grounds in discounting the opinions of Murray and Schwartz and applying well-established Ninth Circuit precedent, I credited those opinions at true. However, crediting those opinions as true does not, as the Commissioner argues, give de facto controlling weight to non-treating physicians. Under Ninth Circuit precedent the credit as true doctrine can be applied both to medical opinions and claimant testimony. *See, e.g.*, *Garrison,* 759 F.3d at 1020. Here, where there were no treating physicians to opine on the conditions that Drs. Murray and Schwartz found significant and limiting, it was not error to credit those examining opinions as true.[3]

For the foregoing reasons, the Commissioner's Rule 59(e) motion is DENIED.[4]

---

because the drop in IQ was not relied upon in Dr. Murray's conclusions as to plaintiff's limitations – although Dr. Murray's test results of plaintiff's current IQ were – this issue does not create any ambiguity or inconsistency in the record requiring further proceedings.

[3] The Commissioner argues that I cannot credit as true the testimony of Dr. Chapman – plaintiff's step-father who is also a licensed counselor and clinical psychologist – because his testimony was lay opinion. In granting plaintiff's motion for summary judgment and remanding for payment of benefits, it was not necessary for me to credit-as-true Dr. Chapman's ignored testimony. The ALJ's failure to address Dr. Chapman's testimony, on the other hand, was an egregious error.

[4] In his Opposition brief, plaintiff asks me to issue an order to show cause for sanctions against the Commissioner for filing a frivolous motion under Rule 59(e). Docket No. 32 at 7-8. That request is DENIED.

4

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND DEFENDANT'S MOTION TO STRIKE THE SAME

Plaintiff has moved for an order awarding attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Docket No. 27. Defendant does not oppose that motion on its merits, but instead moves to strike it as premature because the motion was filed before the expiration of the time for the government to appeal. Docket No. 31. However, as the Ninth Circuit recognized in *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391 (9th Cir. 1986); "Section 2412(d)(1)(B) establishes a clear date after which applications for attorney fees must be rejected as untimely; 30 days after final judgment. The statute is less clear about a time before which applications must be rejected." *Id*. at 1393. The *Auke Bay* Court concluded that a plaintiff may move for an award of EAJA fees prior to the expiration of the time for appeal and held that a motion for EAJA is timely, "if (1) the applicant files no more than 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection.' 28 U.S.C. § 2412(d)(1)(B)." *Id*.; *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed *until* 30 days after a judgment becomes 'not appealable' -- i.e., 30 days after the time for appeal has ended.") (emphasis added)).

I conclude that plaintiff's motion for fees is not premature and DENY the motion to strike.

## CONCLUSION

Accordingly, the Commissioner's motion to alter or amend the judgment is DENIED. Her motion to strike plaintiff's motion for attorney's fees is also DENIED. If the Commissioner wants to oppose plaintiff's motion on its merits, she must file an opposition on or before February 24, 2015. Plaintiff may file a reply on or before March 10, 2015.

**IT IS SO ORDERED**.

Dated: February 10, 2015



WILLIAM H. ORRICK
United States District Judge