UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DICKEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLINE COLVIN,<br><br>    Defendant. | Case No. 14-cv-00629-WHO<br><br>**ORDER ON MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 27 |

On November 19, 2014, I granted plaintiff's motion for summary judgment, denied the government's motion for summary judgment, and remanded for payment of benefits. Dkt. No. 24. On February 10, 2015, I denied the government's motion to alter or amend the judgment on the issue of the remand for payment of benefits. Dkt. No. 35. Currently before me is plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), in an amount of $9,014.55 for 47.5 hours at $189.78.hour. Dkt. No. 27. The government opposes the motion, in part, arguing that the amount of fees requested is unreasonable and any fee award should be paid to plaintiff, not plaintiff's attorney.

Under the Equal Access to Justice Act, "a court shall award to a prevailing party other than the United States fees and other expenses. . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The fees requested and awarded must be reasonable. 28 U.S.C. § 2412(b); *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1135 (9th Cir. 2012).

The government does not argue that its position was substantially justified and does not challenge the reasonableness of the requested hourly rate. Instead, the government challenges the hours spent by counsel on three tasks and argues for a reduction of compensable time for those tasks. The government contends that: (i) spending two hours to review the answer was

unreasonable, only 1.5 hours should be compensated; (ii) spending 26 hours to draft the motion for summary judgment was unreasonable, only 16 hours should be compensated; and (iii) spending 17 hours reviewing the cross-motion and drafting the reply was unreasonable, only 10 hours should be compensated. Oppo. at 4.

Considering the "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record," *Costa*, 690 F.3d at 1136, I conclude that the hours expended on this case by plaintiff's counsel were reasonable and grant the request for attorney's fees in full. While the hours spent on a few of the challenged tasks may have been on the high end, the record in this case was dense. Moreover, plaintiff's counsel has not sought fees for the time spent in opposing the government's motion to alter the judgment and to strike plaintiff's motion for attorney's fees. Viewing the record as a whole, 47.5 hours is not an unreasonable time to have spent litigating this case.

With respect to whom the fees should be paid to – plaintiff or plaintiff's attorney –if plaintiff does not owe a government debt that qualifies for an offset under the Department of Treasury Offset Program, then payment should be made to plaintiff's attorney pursuant to the assignment signed by plaintiff in favor of his attorney. Declaration of Steven Bruce, Ex. B. If plaintiff owes an offset, the remainder of the EAJA fees should be paid in accordance with the assignment to plaintiff's attorney.

**IT IS SO ORDERED**.

Dated: March 13, 2015



WILLIAM H. ORRICK
United States District Judge